UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JILL GORDON, as Trustee for the Next of Kin of Ryan Martin, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>SAPPI NORTH AMERICA, INC.; SAPPI CLOQUET, LLC; SAPPI FINE PAPER AMERICA LLC; SAPPI LIMITED; S.D. WARREN COMPANY; S.D. WARREN SERVICES COMPANY; S.D. WARREN CORPORATION, f/k/a S.D. Warren Services Company; S.D. WARREN ALABAMA, LLC, d/b/a Sappi Fine Paper North America; JOHN DOE, Premise Owners, Controllers, and/or Operators I-X; JOHN DOE, "Sappi Fine Paper" Entity(ies) I-X; JOHN DOE, "Sappi Fine Paper North America" Entity(ies) with control over the Sappi Cloquet, Minnesota mill's budgets relating to engineering controls & safety equipment related to hydrogen sulfide hazards and/or emissions I-X; JOHN DOE, Entity(ies) who assumed duties for worker health and safety regarding hazards of hydrogen sulfide gas I-X,<br><br>Defendants. | Case No. 20-CV-1167 (PJS/LIB)<br><br>ORDER |

Darren Brown and Joseph J. Fisher, II, PROVOST UMPHREY LAW FIRM; Eric W. Beyer, SIEBEN CAREY, for plaintiff.

Christine R. M. Kain and Hannah Anderson, FAEGRE DRINKER BIDDLE & REATH LLP, for defendants Sappi North America, Inc., Sappi Cloquet, LLC, and S.D. Warren Alabama, LLC.

Plaintiff Jill Gordon, as trustee for the next of kin of Ryan Martin, brought this action against defendant Sappi Cloquet, LLC ("Sappi Cloquet") and numerous other entities, seeking to recover damages for Martin's death while he was performing his duties at the paper mill at which he was employed.  This matter is before the Court on Sappi Cloquet's motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  ECF No. 21.

In its memorandum in support of its motion, Sappi Cloquet makes clear that it is bringing a *facial* challenge to this Court's jurisdiction.  ECF No. 23 at 3.  Sappi Cloquet argues that, because the complaint on its face clearly establishes that Sappi Cloquet was Martin's employer, Gordon's claims against Sappi Cloquet are barred by the exclusivity provision of the Minnesota Workers' Compensation Act, Minn. Stat. § 176.031.  *Id*. at 3–4.

In her response, Gordon concedes that any claims against Martin's employer are barred, but points out that the complaint never clearly alleges that Sappi Cloquet was Martin's employer.  The identity of Martin's employer is addressed only in paragraph 20 of the complaint, which reads as follows:

> 20.  At the time of the occurrence, the employer listed on Ryan Martin, decedent's, paycheck was Defendant, Sappi

> Cloquet LLC, however, the worker's compensation claim filings by the carrier identify Ryan Martin, decedent's, employer as "Sappi Fine Paper." "Sappi Fine Paper" and "Sappi Fine Paper North America," are fictitious names that have been used by various SAPPI and S.D. Warren entities over the years. However, neither "Sappi Fine Paper" and "Sappi Fine Paper North America" is currently registered as a fictitious name for any entity doing business in Minnesota. Plaintiff will show that Defendant, Sappi North America Inc. was not the employer of Ryan Martin, deceased, at the time of the occurrence.

ECF No. 1 at ¶ 20.

Translated into plain English, then, the complaint says the following: The identity of Martin's employer is unclear. His paychecks identified "Sappi Cloquet LLC" as his employer, but the worker's compensation insurer identified "Sappi Fine Paper" as his employer. "Sappi Fine Paper" is a fictitious name that has been used by multiple entities, and therefore it is not clear which of those entities was identified as Martin's employer in the worker's compensation proceedings. The one thing that Gordon knows is that Sappi North America was not Martin's employer.

Obviously, based on these inconclusive allegations, the Court cannot find from the face of the complaint that Sappi Cloquet was Martin's employer. Perhaps in recognition of this fact, Sappi Cloquet changed tack in its reply brief, arguing that evidence *outside* of the complaint established that it employed Martin. But "federal courts do not, as a rule, entertain arguments made by a party for the first time in a reply

-3-

brief." *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F. Supp. 2d 871, 878 (D. Minn. 2007); *see also Redking Foods LLC v. Minn Assocs. LP*, No. 13-CV-0002 (PJS/JSM), 2014 WL 754686, at *4 (D. Minn. Feb. 26, 2014) (collecting cases from both the Eighth Circuit and the District of Minnesota).

The Court cannot resolve the dispute over the identity of Martin's employer on the face of the complaint, and thus the Court denies Sappi Cloquet's motion without prejudice. The Court cannot help but observe, however, that this is a dispute that reasonable attorneys should be able to resolve without the intervention of a judge. Someone employed Martin, and it should not be difficult to identify that employer. If the parties cannot resolve the issue informally in the next couple of weeks, they should contact Magistrate Judge Leo I. Brisbois, and he will work with the parties to establish a schedule for a very limited amount of jurisdictional discovery to identify Martin's employer. If the parties still cannot agree on the identity of Martin's employer after that discovery, Sappi Cloquet can renew its motion to dismiss and rely on evidence outside of the complaint.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Sappi Cloquet, LLC's motion to dismiss [ECF No. 21] is DENIED WITHOUT PREJUDICE.

2. If the parties are unable to agree on the identity of Ryan Martin's employer by October 30, 2020, they must contact Magistrate Judge Leo I. Brisbois so that he can set a schedule for limited jurisdictional discovery. Sappi Cloquet may renew its motion to dismiss following that discovery.

Dated: October 16, 2020         s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge