UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JILL GORDON as Trustee for the Next of Kin of Ryan Martin, Deceased, | Case No. 0:20-cv-01167 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Sappi North America, Inc., et al., | |
| Defendant. | |

This matter came before the Court on Defendant Sappi North America's Motion to Dismiss for Lack of Subject Matter Jurisdiction. [ECF No. 198]. Sappi North America brought this Motion under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court should dismiss the case for lack of subject matter jurisdiction because the Minnesota Workers' Compensation Act ("MWCA") exclusive remedies provision prohibits plaintiffs from recovering workman's compensation from their employer and tort damages from a sufficiently-related third-party entity. Following oral argument, the Court denied the Motion from the bench. [ECF No. 207]. The Court fully stated its reasoning on the record and now issues this Order to capture that ruling.

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject-matter jurisdiction. A party challenge the Court's jurisdiction at any point in the litigation process. Fed. R. Civ. P. 12(h)(3). If the Court does not have subject-matter jurisdiction, "the proper remedy is dismissal without

1

prejudice." *Becerra v. Fabian*, No. 08-cv-5511 (JMR/JJG), 2009 WL 799609, at *5 (D. Minn. Mar. 24, 2009).

Courts have been less than meticulous in using the term "jurisdictional." The Supreme Court has called it "a word of many, too many, meanings." *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 90 (1998). Subject matter jurisdiction refers to the "statutory or constitutional *power* of the court to adjudicate the case," not the "absence . . . of a valid cause of action." *Id.*

The Court denied Sappi North America's motion because jurisdiction in this matter flows from diversity jurisdiction—a power granted by Congress in 28 U.S.C. § 1332—not from the MWCA. Even if it is arguable that Ms. Gordon has no valid claim under the MWCA, that does not undermine the Court's subject matter jurisdiction. And the Supreme Court's holdings that federal courts have a "virtually unflagging" duty to hear and decide cases within our jurisdictional grants disfavors prudential decisions to decline jurisdiction on grounds like those before the Court today. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013); *see also*, *Odom v. Penske Truck Leasing Co., L.P.*, 893 F.3d 739, 743 (10th Cir. 2018).

In sum, for these reasons and the others stated on the record, Sappi North America's Motion to Dismiss [ECF No. 198] is **DENIED**.

**IT IS SO ORDERED**.

Date: August 5, 2022                                          s/ Katherine Menendez
                                                              Katherine Menendez
                                                              United States District Judge